## Skidmore v. Little.

### SKIDMORE v. LITTLE & Co.

Notes under seal are not entitled to the days of grace extended to the debtor by commercial usage on promissory notes and bills of exchange.

The debtor on a bond, single bill, &c., has the entire day on which the debt becomes due to make payment; and a suit commenced on that day is prematurely brought.

Error from Lamar. The note on which the action was brought bore date the 21st March, was payable one day after date, and was sued on the 22d, the day on which it became due.

The defendant demurred. The demurrer was overruled.

Judgment for the plaintiff.

*Morrill*, for appellant. For a reversal of the judgment appellant refers to Chitty on Bills, page 406, the text referring to note *d*, and next page, third paragraph in note 1.

HEMPHILL, CH. J. The defendant seeks a reversal of the judgment on the ground that the action was prematurely brought, and has referred to some authorities showing the usages of commercial law in relation to the days of grace allowed on promissory notes, and the time at which an action may be commenced on such instruments. These are not, however, applicable to the instrument which is the foundation of this suit, as this is a sealed note and not entitled to the days of grace extended to the debtor by commercial usage on promissory notes and bills of exchange.

The question presented, then, is whether a debtor on a bond, single bill, &c., has the entire day on which the debt becomes due to make payment and discharge his obligation. This seems to be well settled in the affirmative. In Leftley *v.* Mills (4 D. & E. R., 172) it is laid down "that in [302] the case of mortgages, bonds, and a variety of other instruments, whereby the parties oblige themselves to the performance of certain duties, as to pay money, we find the rule to be, without an exception, that the party bound has till the last moment of the day to deliver himself from the obligation by paying." (1 Saund., 287; Salk., 578; 1 N. & McC. R., 440.) It results from this rule that the party, on the default of payment, cannot be sued until the next day; and this action cannot, therefore, be maintained.

Were this to be regarded as a promissory note, and the days of grace excluded, this action, according to the current of authorities, so far as I have examined them, would be regarded as premature. In 3 McLean R., 583, it is held that a note payable without grace in any specified time is not due till the time shall expire, excluding the day of the date of the note.

Where a note is payable one day after date, though by commercial usage it may be demanded at a reasonable time on that day, it is not due, for the purpose of commencing suit or entering judgment, until after the termination of that day. (1 Barr. R., 495; 5 Shep. R., 230.) There are other authorities in which it is ruled that where a demand is made at a reasonable hour on the day of maturity of promissory notes for payment, an action will lie immediately after such demand. It is not necessary to the decision of this cause that a different rule as to the time of commencing action on negotiable promissory notes should be prescribed; it is sufficient for this case that the defendant had the whole of the day on which he was sued to discharge the note, and that the demurrer to the petition was improperly overruled.

Reversed and dismissed.